IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| HUSQVARNA PROFESSIONAL PRODUCTS, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIMPLE WORKS INC. d/b/a SIMPLE WORKS<br><br>Defendant. | Case No. 3:24-CV-00740 |

# COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff, Husqvarna Professional Products, Inc. ("Plaintiff" or "Husqvarna") by and through its undersigned counsel, complains of Defendant Simple Works, Inc., an Amazon seller doing business as Simple Works ("Defendant" or "Simple Works") conduct and alleges upon information and belief as follows:

## NATURE OF THIS ACTION

1. Plaintiff seeks injunctive and monetary damages for Defendant's false advertising, trademark infringement under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, as well as the related state law claim arising from Defendant's improper sale of Husqvarna Products, use of trademarks owned and used by Husqvarna, and unfair and deceptive business practices.

2. This case concerns Defendant's wrongful and unauthorized promotion and sale of Husqvarna Products through online commerce sites including but not limited to Amazon.com. Defendant's conduct has produced and, unless enjoined by this Court, will continue to produce a likelihood of consumer confusion and deception, the irreparable injury of Husqvarna.

3. Additionally, upon information and belief, Defendant continues to tortiously interfere with and intentionally induced the breach of Plaintiff's contractual relations with one or more of its authorized dealers.

4. Defendant could not have acquired the Husqvarna Products that it has sold and continues to offer for sale without intentionally inducing one or more of Husqvarna' authorized resellers to sell the products to Defendant in violation of their Authorized Reseller Agreements with Plaintiff. Upon information and belief, Defendant could only have obtained the inventory that it is offering for sale through the knowing solicitation and procurement of products from one or more of Plaintiff's authorized resellers, in intentional and knowing interference with these resellers' Authorized Reseller Agreements with Plaintiff.

5. Defendant can only have undertaken these wrongful acts with full knowledge that Husqvarna sells its Products through an exclusive network of authorized resellers who receive specialized training regarding such products and the manner in which they are to be sold and promoted, and that those resellers are strictly prohibited, under their Authorized Reseller Agreements with Husqvarna, from transshipping Husqvarna Products.

6. Upon information and belief, Defendant can only have acquired the inventory of Husqvarna Products that it is selling by actively seeking out and purchasing, directly or indirectly, the Husqvarna Products, which Defendant only can have accomplished by inducing one or more of Husqvarna's authorized resellers to breach their contracts with Husqvarna.

7. Therefore, upon information and belief, the very Husqvarna Products offered for sale by Defendant can only have been obtained by inducing the breach of the Authorized Reseller Agreements signed between Husqvarna and one or more of its authorized resellers.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this Complaint pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331.

9. This Court has supplemental jurisdiction over the pendant state law claims pursuant to 28 U.S.C. § 1367(a).

10. Defendant is subject to personal jurisdiction in this forum because Defendant sold, offered for sale, or otherwise distributed Husqvarna Products to residents within the United States, the State of Norther Carolina, and this District; has caused tortious injury to Husqvarna within North Carolina; because Defendant practices the unlawful conduct complained of herein within the United States, the State of North Carolina, and this District; because Defendant misrepresented the nature of products to residents of the United States, the State of North Carolina, and this District; because Defendant has caused injury to Plaintiff in the United States, the State of North Carolina, and this District; and because Defendant regularly conducts or solicits business within the United States, the State of North Carolina, and this District.

11. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## PARTIES

12. Plaintiff Husqvarna Professional Products, Inc. is a Delaware corporation with its headquarters located at 9335 Harris Corners Parkway, Suite 400, Charlotte, NC 28269. Husqvarna Professional Products, Inc. markets a variety of products and accessories.

13. Upon information and belief, Defendant Simple Works, Inc. is a Canadian corporation with its principal place of business located at 55 Wentworth Ave., Londonderry, New Hampshire, 03053. Defendant does business, and has done business and sold products, including Husqvarna Products, to consumers within the State of North Carolina and this District through

various online commerce sites, including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Simple Works" (Amazon Seller ID AARE9XK4E62SZ). Defendant is an unauthorized dealer of Husqvarna Products.

# FACTS

*The Husqvarna Marks*

14. The U.S. Patent and Trademark Office ("PTO") has issued several registrations for marks used with Husqvarna's products and accessories (hereinafter, the "Husqvarna Marks"). The Husqvarna Marks include, but are not limited to:

| Mark | Reg. Date | Reg. No. |
| --- | --- | --- |
| HUSQVARNA | June 7, 1977 | 1,067,453 |
| Husqvarna | May 18, 2010 | 3,790,326 |
| (H logo) | May 18, 2010 | 3,790,325 |
| Husqvarna (with H logo) | May 26, 2020 | 6,060,901 |

15. The Husqvarna Marks have been in continuous use since at least their respective dates of registration.

16. Said registrations are in full force and effect, and the Husqvarna Marks, specifically Reg No. 3,790,326, are incontestable pursuant to 15 U.S.C. § 1065.

17. Husqvarna advertises, distributes, and sells its products to consumers under the Husqvarna Marks.

18. Husqvarna has also acquired common law rights in the use of the Husqvarna Marks throughout the United States.

19. The federal trademark registrations for the Husqvarna Marks were duly and legally issued, are valid and subsisting, and constitute *prima facie* evidence of the validity of the Husqvarna Marks.

20. Husqvarna has invested a substantial amount of money and has expended significant time and effort in advertising, promoting, and developing the Husqvarna Marks throughout the United States and the world. As a result of such advertising and promotion, Husqvarna has established substantial goodwill and widespread recognition in the Husqvarna Marks, and the Husqvarna Marks have become associated exclusively with Husqvarna and the Husqvarna Products by both customers and potential customers, as well as the public at large.

*Husqvarna Authorized Reseller Network*

21. To create and maintain goodwill among its customers, Husqvarna has taken substantial steps to ensure that Husqvarna Products are of the highest quality. As a result, Husqvarna has become widely known and is recognized throughout the United States, the State of North Carolina, this District, and the world as a manufacturer of high quality products.

22. One of the most significant steps taken in this regard is Husqvarna's development of a nationwide network of authorized resellers.

23. As a prerequisite to becoming part of the carefully selected network, Husqvarna requires that each of its resellers execute a marketplace reseller agreement (the "Authorized Reseller Agreement"), which requires that such reseller sell Husqvarna Products only at the locations and websites designated in the Authorized Reseller Agreement, and prohibits the transshipment, diversion, or transfer of any Husqvarna Products to any other party. By agreeing to the Authorized Reseller Agreement, the reseller then becomes a part of the network of authorized resellers ("Authorized Reseller" and the "Authorized Reseller Network").

24. Customers throughout this District, the State of North Carolina, the United States, and the world recognize the Husqvarna name and logo, upon which they rely for high quality products and attentive customer service.

25. Husqvarna's requirement that each of its Authorized Resellers agree not to transfer any Husqvarna Products to any other party is well known in the retail industry. Upon information and belief, Defendant was fully aware of this at all relevant times.

*Defendant's Infringing and Improper Conduct*

26. Husqvarna has never authorized or otherwise granted Defendant permission to sell Husqvarna Products. Defendant is not a Husqvarna Authorized Reseller. Accordingly, Defendant is not authorized to sell Husqvarna Products.

27. Despite this, Defendant has sold and is currently selling Husqvarna Products on various online commerce sites including, but not limited to, Amazon.com, using seller names, including, but not limited to, "Simple Works" (Amazon Seller ID: AARE9XK4E62SZ)

28. Defendant offers for sale and sells Husqvarna Products using the Husqvarna Marks on various online commerce sites including, but not limited to, Amazon.com.

29. The Husqvarna Products that Defendant sells online through Amazon.com are advertised in "new" condition.

30. The below are examples of Defendant's product listings advertising Husqvarna Products:





31. However, Defendant falsely advertises the Husqvarna Products it sells on the Internet using the Husqvarna Marks.

32. The Husqvarna Products that Defendant offers for sale and sells online are falsely advertised as being in "new" condition.

33. As a preliminary matter, Defendant's promotion and sale of Husqvarna Products on the Internet without authorization or license creates the false impression that Defendant is

7

among Husqvarna's Authorized Reseller Network and has caused consumer confusion and disappointment.

34. Defendant's promotion and sale of Husqvarna Products without authorization falsely represents to consumers that the products are sold by an Authorized Reseller that is required to comply with Husqvarna's terms and conditions and quality controls procedures when, in fact, they are not.

35. Because Defendant is not a Husqvarna Authorized Reseller, Defendant is not trained in nor capable of providing the same quality controls that Husqvarna requires of its Authorized Resellers.

36. Defendant represents that the Husqvarna Products it lists for sale on the Internet are "new," yet the products actually sold by Defendant and received by consumers are "used" and/or returned products or products bought at liquidation, rather than in "new" condition.

37. For example, customers of Defendant have complained that "the item received was used, not new as described" and "we were sold a previously returned item. Disappointing and upsetting. We bought new and should have been sent a new in a sealed of (*sic*) taped box."

38. Additionally, upon information and belief, based upon the volume and selection of Husqvarna Products offered for sale and sold by Defendant, to obtain the inventory of Husqvarna Products Defendant has offered for sale and sold, Defendant intentionally sought out, directly or indirectly, and obtained products bought at liquidation, returned products, and/or excess inventory.

39. Since February 2024, Husqvarna has contacted Defendant numerous times regarding the Husqvarna Authorized Reseller Network and the network's prohibition regarding transshipment of Husqvarna Products.

40. More precisely, Husqvarna sent letters to Defendant informing Defendant of its wrongdoing, informing Defendant that it was not authorized to sell Husqvarna Products, and requesting that Defendant remove its product listings for Husqvarna Products immediately. These letters are dated February 20, 2024, March 6, 2024, March 19, 2024, and March 27, 2024. Defendant has ignored each of these letters.

41. To obtain the inventory of Husqvarna Products, Defendant is offering for sale on various online commerce sites, including, but not limited to, Amazon.com, Defendant intentionally sought out, directly or indirectly, and purchased, Husqvarna Products from one or more Husqvarna Authorized Resellers.

42. Further, based on knowledge in the industry of Husqvarna Authorized Reseller Agreements, Defendant was aware that each of those Authorized Resellers was contractually prohibited from selling Husqvarna Products to Defendant.

43. Defendant is actively advertising and promoting such wrongfully acquired Husqvarna Products on various online commerce sites, including, but not limited to, Amazon.com, in an effort to sell Husqvarna Products, all without authorization or license. Such conduct creates the false impression that Defendant is among Husqvarna's Authorized Reseller Network and has caused consumer confusion and disappointment. For example, Defendant has not received training from Husqvarna to be able to adequately service customers purchasing and/or attempting to purchase Husqvarna Products sold through its online retail spaces, as would a Husqvarna Authorized Reseller.

44. Defendant's continued advertisement, display, and sale of Husqvarna Products as aforesaid has harmed, and continues to harm Husqvarna and its relationships with its Authorized Resellers.

45. After it discovered Defendant's resale of wrongfully-acquired Husqvarna Products, Husqvarna demanded, among other things, that Defendant cease and desist from such activities, and identify the Husqvarna Authorized Reseller or Resellers from whom it improperly solicited and procured the Husqvarna Products. Defendant has refused to do so, forcing Husqvarna to bring the instant action.

*Likelihood of Confusion and Injury Caused by Defendant's Actions*

46. Defendant's actions substantially harm Husqvarna by placing falsely advertised Husqvarna Products into the stream of commerce in the United States.

47. Defendant's advertisement and sale of "new" Husqvarna Products bearing the Husqvarna Marks without the substantial and specific requirements that Husqvarna requires of its Authorized Resellers is likely to cause—and has caused—confusion and disappointment among consumers regarding Husqvarna's sponsorship or approval of those products.

48. Defendant's advertisement and sale of "new" Husqvarna Products bearing the Husqvarna Marks that were previously bought at liquidation and/or returned is likely to cause—and has caused—confusion and disappointment among consumers regarding Husqvarna's sponsorship or approval of those products.

49. Defendant's actions substantially harm Husqvarna and consumers who ultimately purchase Defendant's falsely advertised Husqvarna Products believing them to be the same high-quality Husqvarna Products that they would receive from Husqvarna or an Authorized Reseller. Defendant's actions cause consumers to not receive the product as he or she intended.

50. Defendant's actions substantially harm Husqvarna's goodwill and reputation when consumers learn that the Husqvarna Products they purchased 1) are used Husqvarna Products

previously bought at liquidation or returned; and 2) not protected by the quality controls and customer service support of Husqvarna's Authorized Reseller Network.

51. Defendant's conduct likely results in consumer confusion as well as the dilution of Husqvarna's goodwill and trade name as consumers are not receiving the products they believe they are purchasing.

52. The harm being caused by the Defendant in this case is not theoretical. Purchasers on Amazon.com have complained about Defendant's false and misleading advertisements. Specifically:





> ★☆☆☆☆ "Unfortunately we were sent a pre- opened box. It was torn and retaped closed. The box delivered was also banged up with dents and punctures into the box of the item purchased. The box it was packaged in was pristine. So we were sold a previously returned item. Disappointing and upsetting. We bought new and should have been sent a new in a sealed of taped box."
> Read less
>
> By Amazon Customer on April 2, 2024.

> ★☆☆☆☆ "Very damaged box for a expensive item they should be embarrassed for shipping a torn box"
> By Mitch owen on February 23, 2024.

53. Moreover, the sale of Husqvarna Products by unauthorized resellers, such as Defendant, interferes with Husqvarna's ability to control the quality of products bearing the Husqvarna Marks.

54. As a result of Defendant's actions, Husqvarna is suffering the loss of the enormous goodwill it created in the Husqvarna Marks.

55. Defendant continues to commit the acts complained of herein, and unless restrained and enjoined, will continue to do so, all to Husqvarna irreparable harm.

## COUNT I
## False Advertising/Trademark Infringement
## 15 U.S.C. § 1125

56. Husqvarna hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

57. This is a claim for federal trademark infringement under 15 U.S.C. § 1125(a).

58. Husqvarna engages in interstate activities designed to promote its goods and services sold, as well as the goodwill associated with the Husqvarna Marks, throughout the United States.

59. The Husqvarna Marks have been, and will continue to be, known throughout the United States as identifying and distinguishing Husqvarna's products and services.

60. By selling or distributing products using the Husqvarna Marks as alleged herein, Defendant is engaging in unfair competition, false advertising, and/or falsely representing sponsorship by, affiliation with, or connection to Husqvarna and its goods and services in violation of 15 U.S.C. § 1125(a).

61. By advertising or promoting products using the Husqvarna Marks as alleged herein, Defendant is misrepresenting the nature, characteristics, and qualities of its goods and services in violation of 15 U.S.C. § 1125(a).

62. Defendant's actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the Husqvarna Marks, thereby causing immediate, substantial, and irreparable injury to Husqvarna.

63. By selling and advertising products under the Husqvarna Marks as alleged herein, Husqvarna is entitled to a judgment of three times its damages and Defendant's ill-gotten profits, together with reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a).

64. As a direct and proximate result of Defendant's actions, Husqvarna has been, and continues to be, damaged by Defendant's activities and conduct. Defendant has profited thereby, and unless its conduct is enjoined, Husqvarna's reputation and goodwill will continue to suffer irreparable injury that cannot adequately be calculated or compensated by money damages. Accordingly, Husqvarna is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

## **COUNT II**
### **Tortious Interference With Contract/ Business Relations**

65. Husqvarna hereby realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

66. At all relevant times, Husqvarna has had valid Authorized Reseller Agreements with its Authorized Resellers of Husqvarna Products.

67. At all relevant times, Defendant had actual knowledge of Husqvarna's established contractual relationships with its Authorized Resellers, and was aware that Husqvarna Authorized Reseller Agreements prohibit the transshipment, diversion, or transfer of any Husqvarna Products to any other party, directly or indirectly, including, without limitation, Defendant.

68. Husqvarna has learned that Defendant has obtained significant inventories of Husqvarna Products, directly or indirectly, from one or more Authorized Resellers, and has offered for sale and sold, and continues to offer for sale and sell such products through online retail spaces, including, but not limited to, Amazon.com to customers throughout the United States including, without limitation, within this judicial district.

69. Defendant could only obtain the large inventory of Husqvarna Products that it is offering for sale (1) through the knowing solicitation and procurement of Husqvarna Products from one or more of Husqvarna Authorized Resellers, (2) through intentional, improper, and knowing interference with these Authorized Resellers' advantageous business relationships with Husqvarna, or (3) by obtaining Husqvarna Products from Husqvarna's Authorized Resellers through fraudulent or illicit means.

70. Defendant has knowingly, wrongfully, maliciously, intentionally, and tortiously interfered with Husqvarna contractual relationships and its advantageous business relations by, among other things, soliciting, encouraging, inducing, and diverting sales of Husqvarna Products. These actions have interfered with, impeded, and hindered Husqvarna's relationships with its Authorized Reseller Network, and have caused specific harm to Husqvarna's contract/ business relationships with the Authorized Resellers from whom Defendant improperly procured Husqvarna Products, and with other Authorized Resellers with whom Husqvarna has contracted.

71. Defendant has no privilege or justification for its actions.

14

72. Defendant's activities, as alleged, constitute tortious interference with a contract/business relation under the laws of the State of North Carolina.

73. Defendant has refused to desist from these wrongful acts, and therefore Defendant has indicated that it intends to continue its unlawful conduct, unless restrained by this Court.

74. Defendant's actions have irreparably harmed Husqvarna and its incalculable goodwill in the Husqvarna brand, and, unless enjoined, will continue to do so in a manner affording Husqvarna no adequate remedy at law.

## RELIEF REQUESTED

WHEREFORE, Husqvarna prays for judgment in its favor and against Defendant providing the following relief:

A. Preliminarily and permanently enjoin Defendant, including all partners, officers, agents, servants, employees, attorneys, and all those persons and entities in active concert or participation with Defendant, including, but not limited to, any online platform, such as Amazon.com, or any website, website host, website administrator, domain registrar, or internet service provider from:

   i. using, or attempting to use, any of Husqvarna's intellectual property, including, but not limited to, the Husqvarna Marks;

   ii. acquiring, or taking any steps to acquire, Husqvarna Products in violation of Husqvarna Authorized Reseller Agreements, or through any other improper of unlawful channels;

   iii. selling, or taking any steps to sell, any Husqvarna Products that it acquired in violation of Husqvarna Authorized Reseller Agreements, or through other improper or unlawful channels;

  iv. engaging in any activity constituting unfair competition with Husqvarna or any acts or practices that deceive the public and/or the trade;

  v. inducing, assisting, or abetting any other person or entity in engaging in in or performing any of the business activities decried in the paragraphs above.

B.  Award Husqvarna its actual damages suffered as a result of Defendant's acts and treble said damages as provided by law pursuant to 15 U.S.C. § 1117.

C.  Enter judgment that Defendant's act of infringement have been knowing and willful;

D.  Award Husqvarna its reasonable attorneys' fees in bringing this action as allowed by law;

E.  Award Husqvarna pre-judgment and post-judgment interest in the maximum amount allowed under the law;

F.  Award Husqvarna the costs incurred in bringing this action.; and

G.  Award any other relief as this Court deems just and proper.

## JURY TRIAL CLAIM

Husqvarna hereby requests trial by jury on all claims so triable.

Respectfully submitted, this the 13th day of August, 2024.

**K&L GATES LLP**

By: */s/ Marla T. Reschly*
    Marla T. Reschly
    N.C. Bar Number 46706
    Daniel D. McClurg
    N.C. Bar Number 53768
    **K&L GATES LLP**
    300 South Tryon Street, Suite 1000
    Charlotte, NC 28202
    Phone:   (704) 331-7400
    Fax:   (704) 331-7598
    Email:   marla.reschly@klgates.com
                daniel.mcclurg@klgates.com

*Counsel for Plaintiff Husqvarna Professional Products, Inc.*